IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ABBAS YAZDCHI and <br> HABIBOLLAH YAZDCHI, <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN HONDA FINANCE CORP. <br> and DALLAS AUTO AUCTION, <br><br> Defendants. | § <br> § <br> § <br> § <br> §    Civil Action No. 3:05-CV-0737-L <br> § <br> § <br> § <br> § <br> § |

## MEMORANDUM OPINION AND ORDER

On August 11, 2005 at 9:00 a.m., the court held a hearing in this case on Ali Yazdchi's "Petition in Intervention and Unopposed by Plaintiffs," filed *pro se* on June 13, 2005 (hereinafter "Motion to Intervene"). At the hearing, the court heard argument from Ali Yazdchi, appearing *pro se*, and from counsel for Defendants American Honda Finance Corp. ("AHFC") and Dallas Auto Auction ("DAA") (collectively, "Defendants") regarding Ali Yazdchi's Motion to Intervene. Having carefully considered the oral argument, Ali Yazdchi's Motion to Intervene, AHFC's Response to Complaint in Intervention of Ali Yazdchi and Brief in Support of its Response to Complaint in Intervention of Ali Yazdchi and exhibits attached thereto, filed June 29, 2005, and DAA's Response in Opposition to Ali Yazdchi's Motion/Petition in Intervention, and Motion to Dismiss, and Memorandum in Support and exhibits thereto, filed June 29, 2005, along with the record and the applicable law, the court determines that Ali Yazdchi's Motion to Intervene should be denied.

**I.     Factual Background and History**

Abbas Yazdchi and Habibollah Yazdchi ("Plaintiffs") filed this action against AHFC and DAA on March 16, 2005, in the 160th Judicial District Court, Dallas County, Texas. Plaintiffs allege that Defendants engaged in fraudulent, misleading, and deceptive acts or practices in connection with Plaintiffs' purchase of twenty-one used vehicles from the summer of 1997 through the end of 1999. *See* Pl.'s Orig. Pet. at ¶ 6. Plaintiffs have asserted claims against Defendants for violations of the Texas Deceptive Trade Practices Act, for breach of contract and breach of express and implied warranties, and also request exemplary damages as well as rescission of the sale transaction. *See id.* at ¶¶ 14-23. On April 15, 2005, Defendants removed the case to this court under 28 U.S.C. § 1332.

Prior to the filing of this case, on December 29, 2003, Ali Yazdchi, along with Al Auto d/b/a Ahmad Yazdchi, filed suit against AHFC and DAA in the 160th Judicial District Court, Dallas County, Texas. In that action, the plaintiffs therein made nearly identical allegations involving the same twenty-one cars and raised the same causes of action against AHFC and DAA. AHFC and DAA removed that case to federal court. *See Al Auto d/b/a Ahmad Yazdchi, Ali Yazdchi v. American Honda Finance Corp. and Dallas Auto Auction*, Civil Action No. 3:04-CV-203-K. On January 15, 2005, the Honorable Ed Kinkeade issued an order dismissing that case with prejudice for discovery abuses by Ali Yazdchi and Ahmad Yazdchi. Ali Yazdchi and Ahmad Yazdchi have appealed that decision to the United States Court of Appeals for the Fifth Circuit.

Notwithstanding that Judge Kinkeade dismissed his action with prejudice against AHFC and DAA on January 15, 2005, Ali Yazchi has now moved to intervene. Defendants oppose his motion to intervene.

**II.     Analysis**

**Memorandum Opinion and Order – Page 2**

In support of his motion to intervene, Ali Yazdchi states:

> Interven[o]r Ali Yazdchi has perfect reason and ground[s] to intervene in this lawsuit because Ali Yazdchi has not recover[ed] his damages[;] also plaintiffs and Interven[o]r have to be together to recover damages since plaintiffs and interven[o]r bought all the cars together . . . Ali Yazdchi prays to join the plaintiffs in this case and recover[] his damages[.]

Motion to Intervene at 1. In opposition to the motion to intervene, Defendants argue in their respective briefs, among other things, that Ali Yazdchi is barred by principles of *res judicata* from seeking to relitigate the claims he already litigated in Civil Action No. 3:04-CV-203-K, which Judge Kinkeade dismissed with prejudice.[2] The court agrees with Defendants.

Under *res judicata*, also known as claim preclusion, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. United States*, 440 U.S. 147, 153 (1979). *Res judicata* "bars all claims that were or could have been advanced in support of the cause of action on the occasion of its former adjudication . . . not merely those that were adjudicated." *Nilsen v. City of Moss Point, Mississippi*, 701 F.2d 556, 560 (5th Cir. 1983). Accordingly, "one who has a choice of more than one remedy for a given wrong . . . may not assert them serially, in successive actions, but must advance them all at once on pain of bar." *Id.* For *res judicata* to apply, four elements must be satisifed:

> For a prior judgment to bar an action on the basis of *res judicata*, the parties must be identical in both suits, the prior judgment must have been rendered by a court of competent jurisdiction, there must have been a final judgment on the merits and the same cause of action must be involved in both cases.

---

[2]In addition to opposing the motion to intervene on the grounds of *res judicata*, DAA also argues that the intervention should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), 12(e), 9(b), 8, and for failure to comply with Fed. R. Civ. P. 24. See DAA Resp. at 5-7. As the court is denying Ali Yazdchi's Motion to Intervene, the court need not reach these alternative grounds set forth by DAA. Accordingly, the court **denies as moot** DAA motion to dismiss the intervention.

**Memorandum Opinion and Order – Page 3**

*Intelogic Trace, Inc. v. Ernst & Young, LLP*, 200 F.3d 382, 386 (5th Cir. 2000) (quoting *Nilsen*, 701 F.2d at 559). All elements are satisfied in this case.[3]

First, Ali Yazdchi, who seeks to intervene in this action, was a Plaintiff in *Al Auto d/b/a Ahmad Yazdchi, Ali Yazdchi v. American Honda Finance Corp. and Dallas Auto Auction*, Civil Action No. 3:04-CV-203-K. Defendants in this case were also the defendants in Civil Action No. 3:04-CV-203-K. Thus, identity of the parties is satisfied. Second, there is no dispute that the prior judgment was entered by a court of competent jurisdiction, to wit, the United States District Court for the Northern District of Texas, where the case had been properly removed by AHFC and DAA. Third, Judge Kinkeade's dismissal with prejudice of Civil Action No. 3:04-CV-203-K for repeated discovery abuses and failure to comply with the court's orders, despite numerous chances to do so, has *res judicata* effect on subsequent federal court actions and operates as final judgment dismissing the case on the merits for purposes of *res judicata*. *See Dillard v. Security Pacific Brokers, Inc.*, 835 F.2d 607, 608 (5th Cir. 1988); *Matter of Reed*, 861 F.3d 1381, 1382 (5th Cir. 1988). Finally, it is undisputed that the same causes of action are involved in both cases, namely causes of action against AHFC and DAA arising out of the purchase of twenty-one cars, resulting in Ali Yazdchi claiming that Defendants violated the Texas Deceptive Trade Practices Act, and that Defendants breached their contract along with express and implied warranties, and a request for exemplary damages as well as rescission of the sale transaction. In short, the court determines that Defendants have established the necessary elements of *res judicata*, and Ali Yazdchi's attempt to intervene as a plaintiff in this case is therefore barred by Judge Kinkeade's January 15, 2005 dismissal with prejudice of *Al Auto d/b/a Ahmad Yazdchi, Ali Yazdchi v. American Honda Finance Corp. and*

---

[3] Additionally, at the August 11 hearing, when questioned by the court about the applicability of *res judicata*, Ali Yazdchi failed to demonstrate to the court that these elements were not satisfied.

**Memorandum Opinion and Order – Page 4**

*Dallas Auto Auction*, Civil Action No. 3:04-CV-203-K.[4] Even after taking into account that Ali Yazdchi is appearing *pro se*, the law, quite simply, does not allow him to intervene in this case in order to relitigate the same claims involving identical facts against the same defendants that he already had an opportunity to litigate and protect his rights in *Al Auto d/b/a Ahmad Yazdchi, Ali Yazdchi v. American Honda Finance Corp. and Dallas Auto Auction*, Civil Action No. 3:04-CV-203-K. Accordingly, Ali Yazdchi's motion to intervene in this case should be denied.

### III.   Conclusion

As set forth above, the law does not permit Ali Yazdchi to have a second bite at the apple by seeking to intervene as a plaintiff in this case. Based on the foregoing, the court **denies** Ali Yazdchi's Motion to Intervene, filed June 13, 2005. Further, the court **denies as moot** Defendant Dallas Auto Auction's alternative Motion to Dismiss.

**It is so ordered** this 12th day of August, 2005.

Sam A. Lindsay
United States District Judge

---

[4] In addition, Ali Yazdchi's Motion to Intervene should be denied because he has failed to satisfy the elements of Fed. R. Civ. P. 24. Rule 24(a), which governs intervention of right, provides in relevant part that, "[u]pon timely application anyone shall be permitted to intervene in an action . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest . . ." Disposition of this matter would in no way impair or impede Ali Yazdchi's ability to protect his interest relating to any legally cognizable claims he has against Defendants relating to the sale of the twenty-one cars at issue, as those interests are already protected by his filing a lawsuit against DAA and AHFC on December 29, 2003. *See Al Auto d/b/a Ahmad Yazdchi, Ali Yazdchi v. American Honda Finance Corp. and Dallas Auto Auction*, Civil Action No. 3:04-CV-203-K. Finally, even under a liberal construal of Ali Yazdchi's *pro se* Motion to Intervene, he has failed to satisfy Rule 24(c), which requires that the motion to intervene be "accompanied by a pleading setting forth a claim or defense for which intervention is sought." For all of these reasons, Ali Yazdchi's Motion to Intervene should be denied.