IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ABBAS YAZDCHI and § | |
| HABIBOLLAH YAZDCHI § | |
| § | |
| Plaintiffs, § | |
| v. § | Civil Action No. 3:05-CV-0737-L |
| § | |
| AMERICAN HONDA FINANCE CORP. § | |
| and DALLAS AUTO AUCTION, § | |
| § | |
| Defendants.[1] § | |

## MEMORANDUM OPINION AND ORDER

Pursuant to a standing order of reference, this case was referred to United States Magistrate Judge Jeff Kaplan for pretrial management. On May 25, 2006, the Findings and Recommendation of the magistrate judge were filed, in which he recommended that the court grant Defendants' Joint Motion for Summary Judgment. Both parties have filed objections.

### I.  Relevant Background

This case arises following the sale of twenty-one (21) used vehicles by Defendant ADT Automotive, Inc. d/b/a/ Dallas Auto Auction ("DAA") to non-party Ali Yazdchi d/b/a Al Auto between 1997 and 1999. These same vehicles were the subject of a 1999 lawsuit brought by the Texas Attorney General against Ali Yazdchi in Harris County state district court for fraud and deceptive trade practices in connection with the sale of used vehicles, including the twenty-one (21) vehicles purchased from DAA (hereinafter "Attorney General Suit"). The Attorney General Suit

---

[1] Although in their original state court petition Plaintiffs named American Honda Finance Corporation and Dallas Auto Auction as Defendants, the federal court pleadings establish that the proper names of the two Defendants are "American Honda Finance Corporation" and "ADT Automotive, Inc. d/b/a/ Dallas Auto Auction." Accordingly, the court's reference to "Defendants" herein is to Defendants American Honda Finance Corporation and ADT Automotive, Inc. d/b/a/ Dallas Auto Auction.

Memorandum Opinion and Order - Page 1

alleged that Ali Yazdchi, an unlicensed car dealer operating under sixty-three (63) different aliases (including "Habibollah" and "Abbas" Yazdchi), engaged in fraudulent and deceptive trade practices by, among other things, purchasing flooded, wrecked and stolen vehicles, rolling back the odometers, and reselling them by placing advertisements in papers that they had "low mileage" and only one previous owner. The Attorney General Suit culminated in entry of an agreed permanent injunction and a judgment requiring Ali Yazdchi to pay more than $1 million in restitution to defrauded customers.[2]

Abbas Yazdchi and Habibollah Yazdchi, Ali Yazdchi's father (hereinafter referred to as "Plaintiffs"), filed this action against DAA and American Honda Finance Corporation ("AHFC") (collectively, "Defendants") on March 16, 2005, in the 160th Judicial District Court, Dallas County, Texas, alleging that Defendants, through their agent Ali Yadzchi d/b/a Al Auto, engaged in fraudulent, misleading, and deceptive acts or practices in connection with their purchase of the twenty-one (21) vehicles. Specifically, Plaintiffs allege that they purchased the used vehicles from DAA, who represented that the cars were in "excellent condition" with no mechanical defects and good titles. Based on these representations, Ali Yazdchi resold the vehicles to customers in or around Harris County, Texas. Plaintiffs allege that they were injured as a result of their reliance on the alleged misrepresentations of DAA, and have asserted claims against Defendants under the

---

[2]On December 29, 2003, Ali Yazdchi, along with Al Auto d/b/a Ahmad Yazdchi, filed suit against American Honda Finance Corporation ("AHFC") and DAA in the 160th Judicial District Court, Dallas County, Texas, making nearly identical allegations as in this case, involving the same twenty-one (21) used vehicles. Ali Yazdchi sought to recover the amount of the judgment he was ordered to pay in the Attorney General Suit, together with economic and mental anguish damages. AHFC and DAA removed that case to federal court. *See Al Auto d/b/a Ahmad Yazdchi, Ali Yazdchi v. American Honda Finance Corp. and Dallas Auto Auction*, Civil Action No. 3:04-CV-203-K. On January 15, 2005, the Honorable Ed Kinkeade issued an order dismissing that case with prejudice for discovery abuses by Ali Yazdchi and Ahmad Yazdchi. Ali Yazdchi and Ahmad Yazdchi have appealed that decision to the United States Court of Appeals for the Fifth Circuit.

**Memorandum Opinion and Order - Page 2**

Texas Deceptive Trade Practices - Consumer Protection Act, for fraud, breach of contract, breach of express and implied warranties, and also request exemplary damages as well as rescission of the sale transaction. Specifically as to damages, Plaintiffs alleged that they suffered damages as a result of the resale of the vehicles, when they paid approximately $2.75 million in refunds to the customers who purchased the twenty-one (21) vehicles. On April 15, 2005, Defendants removed the case to this court on the basis of diversity of citizenship and because the amount in controversy exceeded $75,000, exclusive of interest and costs.[3]

On April 4, 2006, Defendants filed Defendants' Joint Motion for Summary Judgment in which they contended they were entitled to summary judgment since: (i) Plaintiffs' claims were barred by the applicable Texas statute of limitations; and (2) there was no genuine issue of material fact as to Plaintiffs' claims, since Plaintiffs had no evidence to establish damages, an essential element of their causes of action. In their response to Defendants' motion, Plaintiffs explicitly waived all causes of action other than their fraud claim. *See* Plf. MSJ Resp. at 3. Such claims are therefore no longer before the court. After allowing the parties to fully brief the issues, on May 25, 2006, the magistrate judge filed his Findings and Recommendation, in which he recommended that the court grant Defendants' Joint Motion for Summary Judgment. Both parties have filed objections. The court will first summarize the Findings and Recommendation of the magistrate judge, and then consider the parties' respective objections.

---

[3]Ali Yazdchi thereafter sought to intervene as a plaintiff. On August 12, 2005, after considering Judge Kinkeade's dismissal of the same claims brought by Ali Yazdchi in *Al Auto d/b/a Ahmad Yazdchi, Ali Yazdchi v. American Honda Finance Corp. and Dallas Auto Auction*, Civil Action No. 3:04-CV-203-K (*see supra* n.2), the court denied his motion to intervene based on, *inter alia*, principles of *res judicata*.

**Memorandum Opinion and Order - Page 3**

## II.     Magistrate Judge's Findings and Recommendation

On May 25, 2006, the magistrate judge filed his Findings and Recommendation, finding that Plaintiffs had "failed to adduce any competent evidence of damages," an essential element of fraud, and recommending that Defendants' Joint Motion for Summary Judgment be granted on this ground. *See* Findings and Recommendation at 4-6.  Specifically, the magistrate judge found that the Affidavit of Ali Yazdchi, relied upon by Plaintiffs as evidence of damages, was not competent summary judgment evidence under Fed. R. Civ. P. 56(e), as it was "conclusory testimony, which does not appear to be based on any facts or personal knowledge." *Id.* at 5.  As to bank statements submitted by Habibollah Yazdchi as purported proof of damages, the magistrate judge found that these records were "not properly authenticated and fail[ed] to establish that any of the money [withdrawn from the bank accounts] was used to pay restitution to defrauded customers or otherwise constitute damages resulting from the sale of the 21 vehicle[s] purchased from DAA." *Id.* at 6.[4]  Finally, although the magistrate judge recommended that Defendants' summary judgment motion be granted because Plaintiffs failed to adduce any evidence of damages, he specifically rejected Defendants' alternative argument in support of their summary judgment motion, namely, that Plaintiffs' claims were barred by the applicable Texas statute of limitations:

> Viewing the evidence in the light most favorable to plaintiff, the court is not convinced that defendants have proved "beyond peradventure" that plaintiff discovered, or through the exercise of reasonable diligence should have discovered, the facts giving rise to his fraud claim more than four years before suit was filed.  This precludes summary judgment on the affirmative defense of statute of limitations.  *Id.* at 4.

---

[4]With regard to the Affidavit of Habibollah Yazdchi (who speaks only Farsi), also relied upon by Plaintiffs as proof of damages, the magistrate judge refused to consider the Affidavit, as Plaintiffs had failed to abide by his April 4, 2006 Order, requiring them to have the testimony translated into English by a certified or otherwise qualified interpreter who meets the requirements of  28 U.S.C. § 1827. *See* Findings and Recommendation at 5 n.4.

**III.     Objections**

On June 5, 2006, Defendants filed Defendants' Joint Objections to Finding of Magistrate Judge Jeff Kaplan ("Defendants' Objections"). On June 7, 2006, Plaintiff filed Objections of Habibollah Yazdchi to Proposed Findings and Recommendations of the Magistrate Judge ("Plaintiff's Objections").[5]

**A.     Defendants' Objections**

Although the magistrate judge recommended entry of summary judgment in favor of Defendants (finding that Plaintiffs had failed to provided any competent summary judgment evidence of damages), Defendants have nevertheless objected to the magistrate judge's rejection of their alternative argument, namely, that Plaintiffs' claims were barred by the statute of limitations. Defendants argue that a reasonable person knew or should have known in 1999, or in 2000 at the latest based on the Attorney General Suit, that there were potential defects with the twenty-one (21) cars at issue, and that such knowledge of the facts would have put a reasonable person on inquiry notice, sufficient to start the running of the four-year limitations period on Plaintiffs' fraud claim in 2000 at the latest. Having conducted a *de novo* review of the evidence and applicable law, the court **overrules** this objection.

As the magistrate judge correctly stated, a "movant who bears the burden of proof at trial must establish 'beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor.'" *See* Findings and Recommendation at 4-6 (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)). Having considered the evidence, the court agrees with the magistrate judge that, viewing the evidence in the light most favorable to Plaintiffs, there is at least

---

[5]Plaintiff Abbas Yazdchi passed away during the pendency of this litigation.

**Memorandum Opinion and Order - Page 5**

some evidence to suggest Plaintiffs were out of the country during the relevant time period. *See* Pl. MSJ Resp., Aff. of Ali Yazdchi at 1, ¶ 1; *see also* Exh. 7 to Def. MSJ App., Aff. of Abbas Yazdchi. While Defendants are correct that Habibollah Yadzchi was in the United States at some point in 1999 and 2000, and testified in the Attorney General Suit (*see* Defendants' Objections at 3), the court determines that in light of other evidence that he was also out of the country in Iran during the relevant time period, Defendants have not met their summary judgment burden as to their affirmative defense of statute of limitations. Accordingly, the court **overrules** Defendants' Objections.[6]

### B.   Plaintiff's Objections

Plaintiff Habibollah Yazdchi has objected to the magistrate judge's finding that he failed to submit competent summary judgment evidence that he suffered damages as a result of alleged misrepresentations made by Defendants about the condition of the twenty-one (21) vehicles sold to Ali Yazdchi. The court **overrules** this objection. To reiterate, the magistrate judge found that the Affidavit of Ali Yazdchi, insofar as Plaintiff relied upon it as evidence of damages, was not competent summary judgment evidence under Fed. R. Civ. P. 56(e), as it was "conclusory testimony,

---

[6]The court also **overrrules** Defendants' remaining objections as to the magistrate judge's rejection of their argument that Plaintiffs' fraud claims were barred by the statute of limitations. Specifically, Defendants argue that the magistrate judge erroneously relied on the Affidavit of Ali Yazdchi to find that there was some evidence to suggest that Habibollah Yazdchi was out of the country until late 2001. Defendants contend that the affidavit was not properly sworn to before a notary public. Having reviewed the affidavit, and specifically the notarization portion, the court is not prepared to make this determination. Moreover, even were the court to sustain Defendants' remaining objections, the court would still agree with the magistrate judge's finding that Defendants are not entitled to summary judgment based on statute of limitations. That Habibollah Yazdchi was present sporadically during the Attorney General Suit brought against Ali Yazdchi, and arguably learned that some of the cars Ali Yazdchi resold had defects, is not enough to prove "beyond peradventure" that Plaintiffs discovered, or through the exercise of reasonable diligence should have discovered, the facts giving rise to their fraud claim more than four years before suit was filed. *See Fontenot*, 780 F.2d at 1194 (movant who bears the burden of proof at trial must establish "beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor."). Accordingly, the court **overrules** Defendants' objections. Moreover, as the court has determined that Plaintiffs failed to establish a necessary element of their fraud claim, this determination was sufficient to dispose of such claim. Thus, it was not necessary for the court to even address the statute of limitations' issue, and therefore Defendants' objections regarding this issue are really of no moment.

which does not appear to be based on any facts or personal knowledge." *See* Findings and Recommendation at 5. As to bank statements submitted by Habibollah Yazdchi which are accompanied by a declaration from Ali Yazdchi describing them as bank statements from Bank One and Chase, the magistrate judge found that these records were "not properly authenticated and fail[ed] to establish that any of the money [withdrawn from the bank accounts] was used to pay restitution to defrauded customers or otherwise constitute damages resulting from the sale of the 21 vehicles purchased from DAA." *Id.* at 6.

In his objections, Habibollah Yazdchi contends that Ali Yazdchi has personal knowledge of the Attorney General Suit and thus has personal knowledge as to this lawsuit, and that Ali Yazdchi can testify as to Habibollah Yazdchi's bank statements since Habibollah Yazdchi is his father. Further, Plaintiff argues that an inference of injury or damages can be drawn from the bank statements when one considers the Affidavit filed by Abbas Yazdchi prior to his death, wherein he testifies that a Receiver appointed in the Attorney General Suit seized several million dollars in funds from bank accounts not owned by Ali, but rather by Habibollah. *See* Def. MSJ App., Exh. 7 at 105-108.

The court **overrules** Plaintiff's Objections. That Ali Yazdchi has personal knowledge regarding the Attorney General Suit where he was a defendant does not mean that he has personal knowledge of the alleged damages suffered by Plaintiffs in this lawsuit. Moreover, his testimony is conclusory. He testifies with no facts in support that over $2 million in funds at Bank One and Chase were lost because of Defendants' fraud. *See* Pl. MSJ Resp., Aff. of Ali Yazdchi at 1-2, ¶ 2. It is well-established that mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported

**Memorandum Opinion and Order - Page 7**

speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). This Plaintiffs have not done.

Moreover, the magistrate judge is correct that Plaintiffs have failed to raise a genuine issue of material fact that any of the money withdrawn from the Bank One and Chase bank accounts was used to pay restitution to defrauded customers or otherwise constituted damages resulting from the sale of the twenty-one (21) vehicles purchased from DAA. Plaintiff is asking this court to somehow infer from the purported actions of the Receiver in the Attorney General Suit that money withdrawn from the bank accounts several years later constituted damages as a result of alleged misrepresentations of Defendants, and was used to pay the defrauded customers. *See* Pl. Objec. at 3-5. In doing so, Plaintiff is requesting that the court make numerous inferences on top of other inferences that do not flow from the evidence. Such unreasonable and improbable inferences are insufficient to defeat a motion for summary judgment. *See Forsyth*, 19 F.3d at 1533; *Ragas*, 136 F.3d at 458. Accordingly, the court **overrules** Plaintiff's Objections.

### IV.   Plaintiffs' Remaining Claims

In response to Defendants' motion for summary judgment, Plaintiff Habibollah Yazdchi explicitly waived all causes of action other than the fraud claim. *See* Plf. MSJ Resp. at 3, ¶ 1. Because of this waiver and abandonment by Habibollah Yazdchi, the magistrate judge did not consider these remaining claims. *See* Findings and Recommendation at 4.

### V.   Conclusion

Having reviewed the pleadings, file and record in this case, the findings and conclusions of the magistrate judge, and the parties' objections thereto, the court determines that the findings and conclusions are correct. The magistrate judge's findings and conclusions are accepted as those of the court. Accordingly, Defendants' Joint Motion for Summary Judgment is hereby **granted**. Plaintiffs' cause of action for fraud is **dismissed with prejudice**. Further, all remaining causes of action asserted by Plaintiffs are hereby **dismissed with prejudice** in light of Habibollah Yazdchi's express waiver and abandonment of all remaining claims. Final judgment will issue by separate order.

**It is so ordered** this 27th day of June, 2006.

_Sam A. Lindsay_
Sam A. Lindsay
United States District Judge