## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **ABBAS YAZDCHI and** | § | |
| **HABIBOLLAH YAZDCHI** | § | |
| | § | |
| **Plaintiffs,** | § | |
| **v.** | § | **Civil Action No. 3:05-CV-0737-L** |
| | § | |
| **AMERICAN HONDA FINANCE CORP.** | § | |
| **and DALLAS AUTO AUCTION,** | § | |
| | § | |
| **Defendants.[1]** | § | |

### MEMORANDUM OPINION AND ORDER

Before the court are: Habibollah Yazdchi's Motion for New Trial or Motion for Reconsideration of June 27, 2006 Order of Summary Judgement for Defendants, filed July 10, 2006; Defendants' Joint Motion to Dismiss Claims of Abbas Yazdchi with Prejudice Pursuant to Rule 25, filed July 26, 2006; and Plaintiffs' Abbas Yazdchi and Habibollah Yazdchi Motion to Strike Defendants['] Response to Plaintiffs['] Motion for New Trial and Motion for Sanctions, filed August 8, 2006.  Having considered the motions, responses, record and applicable law, the court **denies in part and grants in part** Habibollah Yazdchi's Motion for New Trial or Motion for Reconsideration; **grants** Defendants' Joint Motion to Dismiss Claims of Abbas Yazdchi with Prejudice Pursuant to Rule 25; and **denies** Plaintiffs' Abbas Yazdchi and Habibollah Yazdchi[s'] Motion to Strike Defendants['] Response to Plaintiffs['] Motion for New Trial and Motion for Sanctions.

---

[1]Although in their original state court petition Plaintiffs named American Honda Finance Corporation and Dallas Auto Auction as Defendants, the federal court pleadings establish that the proper names of the two Defendants are "American Honda Finance Corporation" and "ADT Automotive, Inc. d/b/a/ Dallas Auto Auction." Accordingly, the court's reference to "Defendants" herein is to Defendants American Honda Finance Corporation and ADT Automotive, Inc. d/b/a/ Dallas Auto Auction.

**Memorandum Opinion and Order - Page 1**

I.        **Relevant Background**

On June 27, 2006, the court granted summary judgment in favor of Defendants American Honda Finance Corporation and ADT Automotive, Inc. d/b/a/ Dallas Auto Auction (collectively, Defendants), and dismissed Plaintiffs' claims with prejudice.  Essentially, the court determined that Plaintiffs had failed to adduce any competent evidence of damages, an essential element of their fraud claim.  On July 10, 2006, Plaintiff Habibollah Yazdchi filed a motion for new trial or to reconsider, contending that the court erred in dismissing decedent Abbas Yazdchi's claims, since he has not been able to represent himself since his death.  *See* Motion for New Trial at 1.  He also contends that based on an attached affidavit of nonparty Ali Yazdchi, genuine issues of material fact exist as to his claim for damages, and the court should therefore reconsider its decision to grant summary judgment in favor of Defendants on his fraud claim.  *See id.*  On July 24, 2006, Plaintiffs Habibollah Yazdchi and Abbas Yazdchi filed a Notice of Appeal in this case.  The Notice of Appeal was signed in Arabic by Habibollah Yazdchi and by nonparty Ali Yazdchi, as "executor" for decedent Abbas Yazdchi.

On July 26, 2006, Defendants filed a response to Habibollah Yazdchi's motion, as well as their own motion, requesting that the court dismiss the claims of decedent Abbas Yazdchi pursuant to Fed. R. Civ. P. 25.  On August 8, 2006, Habibollah Yazdchi and nonparty Ali Yazdchi filed a motion to strike Defendants' response as well as a motion for sanctions, contending that Defendants failed to properly serve their most recent pleadings on Plaintiffs, and that counsel for Defendants has engaged in unethical actions such as refusing to communicate with nonparty Ali Yazdchi and filing harassing legal intervention in the probate court.  The court will address the pending motions in turn.

## II.     Habibollah Yazdchi's Motion for New Trial or Motion for Reconsideration of June 27, 2006 Order of Summary Judgement for Defendants

### A.     Legal Standard for Relief under Fed. R. Civ. P. 59(e)

Plaintiff filed a motion for new trial, which is governed by Fed. R. Civ. P. 59(a); however, there was no trial in this matter.  Plaintiff's claims against the Defendants were adjudicated by summary judgment.  Plaintiff's Motion for New Trial or Motion for Reconsideration is therefore more properly characterized as a motion to alter or amend the judgment under Rule 59(e).  *See St. Paul Mercury Ins. Co. v. Fair Grounds Corp., et al.*, 123 F.3d 336, 339 (5th Cir. 1997) (motion to alter or amend under Rule 59(e) is proper motion to contest summary judgment); *Patin v. Allied Signal Inc*., 77 F.3d 782, 785 n.1 (5th Cir. 1990)(motion to reconsider entry of summary judgment properly styled a Rule 59(e) motion).

"Motions for a new trial or to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence."  *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (citations omitted).  Such motions may not be used to relitigate issues that were resolved to the movant's dissatisfaction.  *Forsythe v. Saudi Arabian Airlines Corp*., 885 F.2d 285, 289 (5th Cir. 1989).  A Rule 59 motion may not be used to relitigate old matters, raise arguments, or present evidence that could have been raised  prior to entry of judgment.  *See generally* 11 C. WRIGHT, A. MILLER & M. KANE § 2810.1 at 127-28 (2d ed. 1995); *see also Simon*, 891 F.2d at 1159.  With respect to newly discovered evidence, a court may not grant such a motion unless the movant establishes: "(1) the facts discovered are of such a nature that they would probably change the outcome; (2) the alleged facts are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching."  *Infusion Resources, Inc. v. Minimed, Inc.*, 351 F.3d 688, 696-97 (5th Cir. 2003).

**Memorandum Opinion and Order - Page 3**

District courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995).  In exercising this discretion, a district court must "strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Id*.  With this balance in mind, the Fifth Circuit has observed that Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment." *Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

**B.    Analysis**

Plaintiff's motion to alter or amend judgment is premised on two arguments.  First, he contends that based on new evidence, genuine issues of material fact exist as to Plaintiff's damages, and Defendants are therefore not entitled to summary judgment. Second, he contends that the court erred in dismissing decedent Abbas Yazdchi's claims, since this lawsuit has not been defended by him since his death.

**1.    "New Evidence"**

The court has considered the evidence Plaintiff has submitted in support of his argument that a genuine issue of material fact exists as to the damages element of his fraud claim.  Specifically, Plaintiff relies on a declaration of Ali Yazdchi, an affidavit of Ali Yazdchi and a Final Accounting and Request for Master/Permanent Receiver Discharge, purportedly filed on March 20, 2003 in *State of Texas v. Ali Yazdchi*, in the 61st Judicial District Court of Harris County, Texas (hereinafter "Attorney General Suit").  Plaintiff's reliance on this evidence is unavailing.  As set forth in Defendants' response to the motion for new trial, Ali Yazdchi previously submitted testimony in this case as part of Plaintiff's response to Defendants' motion for summary judgment.  Plaintiff has offered no reason why this evidence could not have been presented to the court when the court was

considering Defendants' summary judgment motion.  Plaintiff also fails to show how this evidence would have changed the court's decision to grant summary judgment in Defendants' favor. Similarly, Plaintiff has had available to him the documents from the Attorney General Suit for several years.   Again, Plaintiff fails to explain why the Final Accounting and Request for Master/Permanent Receiver Discharge was not previously submitted or how it has any material impact on the court's decision of June 27, 2006.  It is apparent to the court that Plaintiff, in the guise of a Rule 59 motion, is attempting to relitigate this matter.  Plaintiff has had more than ample opportunity to provide competent evidence of damages to support his fraud claim.   He has not done so.   Accordingly, the court denies the motion insofar as Plaintiff contends that Ali Yazdchi's declaration and affidavit and documents filed in the Attorney General Suit create a genuine issue of material fact pertaining to his claim that he suffered damages based on Defendants' alleged fraud.

### 2.  Decedent Abbas Yazdchi's Claims

The court next addresses Plaintiff's argument that it erred in dismissing decedent Abbas Yazdchi's fraud claim.  On February 13, 2006, Plaintiff Habibollah Yazdchi filed a Suggestion of Death pertaining to his son and co-Plaintiff, Abbas Yazdchi.  In his motion, he contends that in light of the February 13, 2006 Suggestion of Death, the court erroneously entered summary judgment in favor of Defendants against decedent Abbas Yazdchi and erroneously dismissed his fraud claim with prejudice. The court **agrees**.  Accordingly, the court will grant the motion to reconsider to the extent Plaintiff argues that because of Abbas Yazdchi's death during the pendency of this lawsuit, Defendants were not entitled to summary judgment on his fraud claim, and that Abbas Yazdchi's fraud claim should not have been dismissed.  Anything to the contrary set forth in the court's June 27, 2006 Memorandum Opinion and Order and Judgment of the same date is vacated.

III.     **Defendants' Joint Motion to Dismiss Claims of Abbas Yazdchi with Prejudice Pursuant to Rule 25**

On July 26, 2006, Defendants filed their Joint Motion to Dismiss Claims of Abbas Yazdchi with Prejudice Pursuant to Rule 25.  For the reasons set forth below, the court determines that Defendants' motion has merit and should be granted.

Pursuant to Fed. R. Civ. P. 25(a)(1), following the death of a party, a motion for substitution of a proper party must be made "not later than 90 days after the death is suggested upon the record[.]" Otherwise, "the action shall be dismissed as to the deceased party." *See* Fed. R. Civ. P. 25(a)(1).  A suggestion of death was filed in this case on February 13, 2006.  No motion for substitution was made within 90 days after the suggestion of death was filed.  Accordingly, Defendants' Joint Motion to Dismiss Claims of Abbas Yazdchi with Prejudice Pursuant to Rule 25 is granted.  *See generally Anderson v. Yungkau*, 329 U.S. 482, 486 (1947) (dismissal under Rule 25(a) with prejudice).[2]

IV.     **Plaintiffs' Abbas Yazdchi and Habibollah Yazdchi[s']  Motion to Strike Defendants['] Response to Plaintiffs['] Motion for New Trial and Motion for Sanctions**

On August 8, 2006, Habibollah Yazdchi and nonparty Ali Yazdchi filed a motion to strike Defendants' response as well as a motion for sanctions, contending that Defendants failed to

---

[2]Though couched in mandatory terms, the Advisory Committee Notes to Rule 25 indicate that the ninety-day period may be extended pursuant to Fed. R. Civ. P. 6(b), which provides that a district court "for cause shown may at any time in its discretion . . . upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect . . . ."  *See Continental Bank, N.A. v. Meyer*, 10 F.3d 1293, 1297 (7th Cir. 1993).  In this case, the suggestion of death was filed on February 13, 2006, and no motion for an enlargement of the ninety (90) day period was made either within the ninety days or after its expiration.  Further, there has been no showing of excusable neglect for this failure to file a notice of substitution. Moreover, an appeal was taken in this case on July 24, 2006, without Plaintiff ever making a motion for substitution.  While the court is aware that the Court's decision in *Anderson* was based on Rule 25 prior to its amendments in 1963, given the failure of Plaintiffs to move for any enlargement, and absent any attempt on Plaintiff's part to show excusable neglect prior to filing its Notice of Appeal to the Fifth Circuit, the court has no reason to deviate from the Court's holding that dismissal is with prejudice.

properly serve their most recent pleadings on Plaintiffs, and that counsel for Defendants should be sanctioned for engaging in unethical actions by refusing to communicate with nonparty Ali Yazdchi and filing harassing legal intervention in the probate court.  As Ali Yazdchi is not a party to this lawsuit, he may not file motions with the court on behalf of decedent Abbas Yazdchi.  Moreover, because Plaintiff has perfected an appeal of the final judgment entered in this case, the court has no jurisdiction to consider the motion for sanctions.  With regard to the motion to strike, whether Plaintiff Habibollah Yazdchi was properly served with Defendants' Joint Motion to Dismiss Claims of Abbas Yazdchi with Prejudice Pursuant to Rule 25 is a nonissue, since he has filed a timely response to Defendants' motion and therefore can claim no legal prejudice.  Accordingly, the court **denies** Plaintiffs' Abbas Yazdchi and Habibollah Yazdchi[s'] Motion to Strike Defendants['] Response to Plaintiffs['] Motion for New Trial and Motion for Sanctions.

## V.      Conclusion

For the reasons set forth herein, the court **grants in part and denies in part** Habibollah Yazdchi's Motion for New Trial or Motion for Reconsideration of June 27, 2006 Order of Summary Judgement for Defendants.  The court **grants** Plaintiff's motion insofar as the court granted summary judgment in Defendants' favor and dismissed with prejudice decedent Abbas Yazdchi's fraud claim.  The court **denies** the motion in all other parts.  Further, the court **grants** Defendants' Joint Motion to Dismiss Claims of Abbas Yazdchi with Prejudice Pursuant to Rule 25.  Accordingly, pursuant to Fed. R. Civ. P. 25(a)(1), the court **dismisses** Abbas Yazdchi's fraud claim **with prejudice**.  The court **denies** Plaintiffs' Abbas Yazdchi and Habibollah Yazdchi[s'] Motion to Strike Defendants['] Response to Plaintiffs['] Motion for New Trial and Motion for Sanctions.

In light of the court's decision today, the court **vacates in part** its June 27, 2006 Memorandum Opinion and Order.  Specifically, the court **vacates** that portion of its decision granting summary judgment in favor of Defendants on Abbas Yazdchi's fraud claim.  The remainder of the court's June 27, 2006 Memorandum Opinion and Order granting summary judgment in favor of Defendants on Habibollah's Yazdchi's fraud claim is unaffected by this order and remains in effect.  Further, the court hereby **vacates** its June 27, 2006 Judgment *in toto*.  An amended judgment will issue by separate document.

**It is so ordered** this 23rd day of August, 2006.


Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order - Page 8**